UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DOUG KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV- 508 JVB |
| | ) | |
| SUPERINTENDENT, WESTVILLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Petitioner Doug Knox, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing at the Indiana State Prison ("ISP"). An ISP official charged Petitioner with the disciplinary offense of attempting to give or receive anything of value to another inmate. The Disciplinary Hearing Board ("DHB") found Petitioner guilty and sanctioned him with a loss of fifteen days of earned credit time. Petitioner pursued an administrative appeal, and the ISP Superintendent and the Indiana Department of Correction ("IDOC") final reviewing authority affirmed the DHB's finding of guilt.

The Court reviewed Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court dismissed ground one of his petition in which he alleged that his hearing was held nine days after the incident, in violation of an IDOC policy requiring that hearings be conducted within seven days of the incident, and dismissed ground four in which he alleged that prison officials did not acknowledge the "'time limit' in appeal, thereby violating . . . [the IDOC code of ethics] . . . mandated by I.D.O.C. Policy No. 04-03-103." (DE 3 at 2). The

Court granted Petitioner leave to proceed on ground two of his petition for writ of habeas corpus, in which he asserts that he was denied the opportunity to present exculpatory evidence, and on ground three in which he asserts that the evidence was insufficient to support a finding of guilt.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) the furnishing of a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Petitioner asserts that he requested a witness statement from fellow inmate Terry Tucker, but that this witness's statement "was not provided for." (DE 1 at 3). Respondent's submissions establish that on May 28, 2009, Correctional Officer D. McClendon discovered a letter in the outgoing mail in which Petitioner asked Richard Biltz (to whom the letter was addressed) to send a money order to offender Terry Tucker. (DE 10-1). On June 1, 2009, Officer McClendon wrote a conduct report charging Petitioner with attempting to give or receive anything of value to another inmate. *Id.* On June 1, 2009, Petitioner was screened on the charge and requested Tucker as a witness. (DE 10-2). But Tucker was no longer at the ISP, having been transferred to the South Bend Work Release Center on May 29, 2009. (DE 10-7).

The DHB did not deny Petitioner's request for Tucker as a witness; but because Tucker was no longer at the ISP, the screening officer was unable to obtain a statement from him. Even assuming that the screening officer's failure to obtain a statement from Tucker at another institution might in some circumstances create a problem under *Wolff*, the unavailability of Tucker's statement did not deny Petitioner due process because Tucker's statement would have been irrelevant. Petitioner admitted that he wrote the letter addressed to Biltz asking him to send a money order to Tucker. Any testimony Tucker might have offered would have been irrelevant because it would not have refuted the contents of Petitioner's letter, or undermined Petitioner's admission that he wrote the letter. Due process is not denied if the DHB does not hear a witness whose testimony is irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

In ground three of his petition, Petitioner claims there was insufficient evidence to support the DHB's finding of guilt. Respondent asserts that Petitioner was charged with, and found guilty of, attempting to give or receive anything of value to another inmate. Petitioner contests this in his traverse, asserting that he was "NOT found guilty (as the Attorney General . . . claims) of 'attempting' to give or receive anything of value." (DE 14) (emphasis original). He suggests that because the letter to Blitz was intercepted and Blitz never actually sent a money order to Tucker, he is not guilty of giving anything of value to Tucker.

The conduct report (DE 10-1), the screening report (DE 10-2), The Notice and Report of Action Taken on Correspondence (DE 10-3 at 1) filled out by Officer McClendon when he confiscated the letter written by Petitioner, and the Report of Disciplinary Hearing (DE 10-4) prepared by the DHB chairman at the hearing all describe the offense with which Petitioner was

charged as "giving or receiving/attempting to commit." In his response to Petitioner's administrative appeal, the ISP superintendent stated, that "[t]he code number assigned in this case is appropriate given the facts, by your own words you are attempting to ask a civilian to send monies to another offender to benefit you." (DE 10-5 at 1). Because the ISP officials who dealt with this disciplinary action consistently used the term "attempt" or "attempted" in describing the charge against Petitioner, the Court concludes that the charge against him was for attempting to give money to Tucker by having Richard Biltz send a money order to Tucker.

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest: there need only be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citing *Hill*, 472 U.S. at 455–56) (emphasis in original). In the appropriate circumstances, such as where the reporting officer personally observed the infraction, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In the present case, while searching the outgoing mail, Officer McClendon discovered and confiscated a letter written by Petitioner to Richard Biltz, in which he asked Biltz to deposit money into another inmate's account. Petitioner does not deny having written the letter requesting Biltz to give money to Tucker, and the letter constitutes "some evidence," as required by *Hill*, that Petitioner attempted to give money to Tucker by having another person deposit money into Tucker's prison trust account.

For the foregoing reasons, the Court DENIES this petition.

SO ORDERED on June 24, 2010.

                                                                        s/ Joseph S. Van Bokkelen
                                                                       JOSEPH S. VAN BOKKELEN
                                                                       UNITED STATES DISTRICT JUDGE